J. W. RIVIERE, ETC., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1294.    Argued July 6, 1942.—Decided July 21, 1942.

*Fiddler, McConnell & González (F. Fernández Cuyar* and *Carlos V. Dávila,* attorneys for White Star Bus Line, Inc., on the petition for certiorari), for petitioner.  *Ortiz Toro & Ortiz Toro* and *E. Beléndez García,* for intervener, plaintiffs in the main action.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On the 27th of May 1939, Salvador Font, for himself and in behalf of his minor daughter, María Armanda Font, filed a complaint in the District Court of San Juan against the White Star Bus Line, Inc.

He alleged that his daughter had suffered personal injuries when run over by a motor bus of the defendant corporation on the 29th of November 1937, and, under three different causes of action, sought to recover:

*First:* the damages suffered by said minor in the alleged accident.

*Second:* the expenses incurred by the father of said minor in medicines and medical assistance for his daughter, while she was being treated for the injuries suffered as result of said accident.

*Third:* damages for mental and moral sufferings undergone by Salvador Font, the father, as a consequence of the accident suffered by his daughter.

Defendant corporation demurred to the second and third causes of action on the ground that the same had prescribed, and the district court sustained the demurrer to both causes of action.

María Armanda Font then filed an amended complaint, incorporating to her original cause of action the same expenses for medicines and medical assistance that her father alleged he had paid and claimed under the second cause of action which the court declared extinct by prescription.

The defendant moved that that part of the complaint where doctor's fees were claimed be stricken out, but the lower court dismissed said motion by an order which reads as follows:

"For the reasons stated in the case of *Gigante* v. *Alvarez,* 48 P.R.R. 484, defendant's motion to strike is dismissed and a term of five days is granted to it to answer the complaint."

Defendant then filed a petition for reconsideration of the above order, which was also dismissed by another one that reads thus:

"We do not see any reason why we should reconsider our order dismissing the defendant's motion to strike. In the original complaint the minor plaintiff adduced a good cause of action for damages

and claimed $10,000 for general damages. The father of the minor plaintiff claimed certain additional damages under other causes of action which were considered insufficient upon demurrer. We fail to see why the position of the minor plaintiff should be considered worsened by the fact that her father made a defective claim, nor do we see any reason why the case should not be considered as though her father had made no claim at all. If this is so, then it seems clear that plaintiff can amend her complaint to claim special damages in addition to the general damages already alleged. And the point that she can claim the special damages which the defendant wants stricken out, has been resolved in *Gigante* v. *Alvarez,* 48 P.R.R. 484.''

The defendant corporation filed the present petition for certiorari to review said order, alleging that said order ''does not conform to law and is erroneous as to procedure, the petitioner further alleging that the only remedy he has available, due to the attendant circumstances, is that of certiorari, there being no other speedy, adequate and efficient legal remedy available to him as the order attacked, is not appealable according to law, and that if the district court allows a lump sum as compensation for damages the part corresponding to doctor's fees would not be subject to deduction.''

(1) We agree with petitioner that certiorari should be granted, as it is alleged that a procedural error has been committed and also because the order issued by the lower court is not appealable.

(2) The principal issue raised in this case is whether in an amended complaint filed in behalf of a minor, a cause of action, originally belonging to that minor's father, and which he exercised in his behalf, can be included, when said cause of action was ordered stricken out from the complaint by the court on the ground that the action had prescribed.

It seems advisable that we analyze the case of *Gigante* v. *Alvarez,* 48 P.R.R. 484, on which the lower court based the order appealed from, in order that we can determine whether the doctrine therein established can be applied to the instant case.

720

In the *Gigante* case, a complaint was filed by Gigante in his behalf and in that of his minor daughter to recover damages suffered by the daughter in an accident. In the first cause of action he claimed damages suffered by said minor and included also doctor's fees. In the second cause of action, which was dismissed for insufficiency, he claimed damages for moral and mental sufferings undergone by himself as the result of the accident suffered by his daughter.

Defendant contended that the action to recover doctor's fees was one to be exercised by the father and not by the daughter and this court decided that "if the father includes in the claim items which correspond directly to him, the minor is authorized to recover them and the father may not later bring an action to claim them." And further on it was said: "In the instant case, Arturo Gigante includes among the damages caused to his daughter, the expenditures for medicines and medical assistance which are alleged in the first cause of action. We believe with the Supreme Court of Washington that Mr. Gigante cannot in the future claim this sum, which, in addition to having been alleged, has been the object of proof. It seems to us that, in view of the pleadings and the evidence, the conclusion that the damages have been waived by the father in favor of the daughter is sound."

In the case at bar, on May 27, 1939, that is, nearly one year and four months after the accident had occurred, plaintiff Salvador Font, father of the minor, claimed for himself, and not for his minor daughter, the sum of $1,004.75, which he alleged to have spent in medical treatment and medicines for his daughter, and to explain or give a reason for his delay in initiating his claim, he alleged having been absent, from the island, in the United States, from March 23, 1938, to April 6, 1939. It appears that from the date of the filing of the complaint to the 4th of September 1940, date at which the lower court dismissed his claim, plaintiff Salvador Font tried to recover for himself the amount of the expenditures

incurred in doctor's fees and medicines. It cannot be sustained, then, that previous to September 4, 1940, the father had waived said claim in favor of his daughter, the conclusion being inevitable that if any waiver was made by the father in favor of his daughter, the same was made after the decision of the court dismissing his claim.

█ Could a plaintiff revive an action after the same has been dismissed on final judgment of a court of justice by merely transferring or waiving it in favor of his minor daughter so that she could then allege the interruption of limitation by reason of her minority? Of course not. If we should allow the use of such subterfuges to evade or annul the effect of a judgment, we would be giving our approval to a practice that must be condemned by us as undesirable. The lower court erred in dismissing the motion of defendant to strike out paragraph 9 of the amended complaint.

The order of June 11, 1941, appealed from must be annulled and the case remanded to the lower court for further proceedings not inconsistent with this opinion.